GARWOOD, Circuit Judge, with whom WIENER and EMILIO M. GARZA, Circuit Judges,
join, specially concurring:
I concur, with these added observations.[1] If the matter were res nova, one might well wonder how it could rationally be concluded that mere possession of a firearm in any meaningful way concerns interstate commerce simply because the firearm had, perhaps decades previously before the charged possessor was even born, fortuitously traveled in interstate commerce. It is also difficult to understand how a statute construed never to require any but such a per se nexus could “ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce.” United States v. Lopez, — U.S. -, -, 115 S.Ct. 1624, 1631, 131 L.Ed.2d 626 (1995). However, the opinion in Scarborough v. United States, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), dealing with the predecessor to section 922(g), requires us to affirm denial of relief here. While Scarborough addresses only questions of statutory construction, and does not expressly purport to resolve any constitutional issue, the language of the opinion and the affirmance of the conviction there carry a strong enough implication of constitutionality to now bind us, as an inferior court, on that issue in this essentially indistinguishable case, whether or not the Supreme Court will ultimately regard it as a controlling holding in that particular respect.[2] Nothing in Lopez expressly purports to question Scarborough, and indeed it is not even cited in Lopez. Moreover, section 922(g) at issue here, unlike section 922(q) at issue in Lopez, does expressly require some nexus to interstate commerce, thus importantly reflecting that Congress was exercising that delegated power and not merely functioning as if it were the legislative authority of a unitary state. Lopez refused to “convert congressional authority under the Commerce Clause to a general police power of the sort retained by the States” and, though recognizing that “[t]he broad language” in some of its prior opinions “has suggested the possibility of additional expansion,” nevertheless “decline[d] here to proceed any further.” Id. at -, 115 S.Ct. at 1634. It is not for us to say that following what seems to be implicit in Scarborough is to proceed “further” down the road closed by Lopez. In any event, this panel is bound by our post-Lopez decision in United States v. Segeada, No. 95-40430, 74 *244 F.3d 1237 (5th Cir. Nov. 30, 1995) (unpublished), holding section 922(g)(1) constitutional.

. As neither party has requested oral argument, this special concurrence is consistent with summary calendar disposition.

. See, for example, the following from Scarborough where the Court observed: "... we see no indication that Congress intended to require any more than the minimal nexus that the firearm have been, at some time, in interstate commerce.” Id. at 575, 97 S.Ct. at 1969 (footnote omitted).